IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERRY LANE DAVIS, #226416, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CASE NO. 2:12-CV-13-TMH |
| | ) |
| J. C. GILES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Perry Lane Davis ["Davis"] on January 2, 2012.[1]  In this petition, Davis challenges a conviction for manslaughter imposed upon him on November 18, 2002 by the Circuit Court of Bullock County, Alabama.  On December 3, 2002, the trial court sentenced Davis to thirty years imprisonment for this conviction.

**DISCUSSION**

A review of the records of this court establishes that Davis filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 in which he challenged the same conviction making the basis of the instant petition.  *Davis v. Giles, et al.*, Case No. 2:06-CV-

---

[1] Although the Clerk stamped the petition received on January 5, 2012 the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Davis certified he presented the petition to prison officials for mailing on January 2, 2012.  Pet. for Habeas Corpus Relief (Doc. No. 1) at 15.  In light of the foregoing and for purposes of the proceedings herein, the court considers January 2, 2012 as the date of filing.

640-WKW (M.D. Ala. 2008). In this prior habeas action, the court denied Davis relief from his 2002 Bullock County manslaughter conviction as he failed to file such petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) & (C). Although this court dismissed Davis' prior habeas action for his failure to comply with the one-year period of limitation, this dismissal constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Sec'y, Dept. of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Hutcherson v. Riley*, 468 F.3d 750, 755 (11th Cir. 2006) (after failed, untimely § 2254 petition, petitioner must "satisfy the requirements under 28 U.S.C. § 2244(b)" and receive requisite authorization from the appellate court to file successive habeas petition in district court); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an

adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second of successive' petitions . . . ."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (previous § 2254 petition dismissed as untimely constitutes a prior application adjudicated on the merits "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims[,]" and, therefore, the petitioner must receive the appellate "court's permission to file another petition."); *Garrett v. Quarterman*, 2008 WL 2168808 (N.D. Tex. 2008) (dismissal of previous habeas petition as untimely is the type of procedural ruling that renders later-filed habeas petition successive); *Motley v. Sullivan*, 2008 WL 938952 (N.D. Cal. 2008) (when prior habeas petition is dismissed as untimely, petitioner must first obtain permission from appropriate appellate court prior to filing a second or successive petition); *Bridgewater v. Scriben*, 2007 WL 2262760 (S.D. Cal. 2007) (dismissal of prior habeas petition as untimely renders subsequent petition challenging same conviction second or successive); *Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003) (dismissal of petition on limitations grounds "is considered an adjudication of the merits for purposes of determining whether a petition is successive under [28 U.S.C. § 2244(b)].").

It is clear from the pleadings filed herein that Davis has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Davis'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the

requested relief." *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id.* at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Perry Lane Davis on January 2, 2012 be DENIED; and

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Davis has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.[2]

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before January 26, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore,

---

[2] The court notes that any habeas claims the petitioner seeks to present would again be subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "entitle [Davis] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-31 (11th Cir. 1999).

it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE